Henry Dauel et al. v. John P. Arnold, Adm'r.

1. Practice— *Where Oral Evidence is Not Preserved.*—Testator wishing to avoid the expense and delay of an administration of his estate, made deeds of his property to his children, with directions that they be delivered upon his death. By his will he charged each devise with its proportionate share of the debts owed by the estate. After the death of the testator and after his will was admitted to probate, one of the devisees sold part of his land to plaintiffs, who insist that the share of indebtedness to be borne by their land is excessive. *Held,* that as the oral evidence which the court heard was not preserved and is not in the record, so that this court can see what was before the trial court, it must be presumed that there was sufficient evidence to warrant the court in making the decree it did.

Petition to Sell Land to Pay Debts.—Error to the County Court of McLean County; the Hon. R. A. Russell, Judge presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed June 20, 1902.

John G. Boeker, E. Brock, J. J. Thompson and J. E. Pollock, attorneys for plaintiffs in error.

Charles L. Capen and James P. Grove, attorneys for defendant in error.

Mr. Presiding Justice Burroughs delivered the opinion of the court.

This was a petition filed by Ruth Ann Bunn, executrix of the last will and testament of Isaac K. Bunn, deceased, in the County Court of McLean County, against Minor K. Bunn, John L. Bunn, Frank M. Bunn, Louie Hetland and L. S. Hetland, her husband, Hugh W. Bunn, Abraham Bunn, Jeremiah I. Bunn, Mary Paxton and John Paxton,

Dauel v. Arnold.

her husband, and Eva J. Cline, and S. E. Cline, her husband, for an order of that court authorizing and empowering the petitioner to sell the real estate of said deceased to pay his debts.

After the petition was filed, the petitioner, Ruth Ann Bunn, by leave of court, resigned as such executrix, and John P. Arnold was appointed, and qualified as the administrator *de bonis non* with the will annexed of the estate of said Isaac K. Bunn, deceased, and by leave of court, he was substituted for her as petitioner, and the petition was amended so as to read as follows:

"Your petitioner respectfully represents that heretofore, to wit, on or about the twenty-first day of November, A. D. 1897, the said Isaac K. Bunn, then of said county, departed this life testate, leaving him surviving his widow, Ruth Ann Bunn, and Minor K. Bunn, John L. Bunn, Frank M. Bunn, Louie (or Nefa) Hetland, (whose husband's name is L. S. Hetland,) Hugh W. Bunn, Abraham Bunn, Jeremiah I. Bunn, Mary Paxton, (whose husband's name is John Paxton,) and Eva J. Cline, (whose husband's name is S. E. Cline,) his sole children and heirs at law; each of which said children except said Jeremiah I. Bunn is a devisee under the last will and testament of said Isaac K. Bunn, as is hereinafter set forth; and the said Ruth Ann Bunn is a legatee under said last will and testament, as is hereinafter set forth.

Your petitioner further shows that the said Isaac K. Bunn died seized of certain lands situate in the county of McLean aforesaid, known and described as follows, to wit: the east half of the northwest quarter of section twenty; the north half of the west half of the southwest quarter of section twenty; the south half of the west half of the southwest quarter of section twenty; the west half of the northeast quarter of section twenty; the east half of the northeast quarter of section twenty-one; the west half of the northeast quarter of section twenty-one; the west half of the northwest quarter of section twenty (20) and the east half of the southwest quarter of section twenty (20). All of said lands lying and being in township twenty-four north, range five, east of the third P. M. Said testate was not seized of any lands other than those above specified at the time of his decease.

Your petitioner further shows that at the time of his

decease the said testator was the owner of and was pos-
sessed of sixty-three shares of the capital stock of the bank
of Colfax, in said county of McLean.   Your petitioner
shows that of said lands a certain part, as hereinafter
stated, were incumbered at the time of the decease of said
Isaac K. Bunn by a certain mortgage executed by himself
and wife to one Abraham Brokaw for the principal sum of
$5,728 with interest thereon, which said interest is some-
what in arrears, as is hereinafter stated, but the entire
amount of said principal of said mortgage indebtedness
except $728 of the principal heretofore paid thereon,
remains and is wholly unpaid.

Your petitioner further shows that prior to his decease,
the said Isaac K. Bunn, joined by his wife, said Ruth Ann
Bunn, prepared. signed, sealed and acknowledged certain
deeds to his children, respectively (except to said Jeremiah
I. Bunn), as follows:

To said John L. Bunn, the said east half of the north-
west quarter of section twenty;

To said Mary Paxton, the said east half of the south-
west quarter of section twenty;

To said Eva J. Cline, under her then maiden name of
Bunn, the said north half of the west half of the southwest
quarter of section twenty;

To said Minor K. Bunn (under the name of M. K. Bunn)
the said south half of the west half of the southwest quar-
ter of section twenty;

To said Abraham Bunn (under the name of Abe Bunn)
the said west half of the northeast quarter of said section
twenty;

To Frank M. Bunn, the said east half of the northeast
quarter of section twenty-one;

To said Ruth Ann Bunn, for the term of her natural life,
the said west half of the northeast quarter of section
twenty-one, with remainder at her death to said Hugh W.
Bunn in fee simple;

To said Ruth Ann Bunn, the said west half of the north-
west quarter of said section twenty (20) for the term of
her natural life, with remainder at her death to said Mrs.
Louie (or Neva) Hetland in fee simple, which said life
estates were so provided in consideration of the release and
waiver by her, said Ruth Ann Bunn, of her dower and
homestead rights in and by said respective deeds, and not
by way of gift or devise.

Your petitioner further shows that no one of said deeds
of conveyance was executed by delivery during the lifetime

Dauel v. Arnold.

of said Isaac K. Bunn, but remained and continued in the possession, custody and control of him, said Isaac K. Bunn, up to and at the time of his decease, as hereinafter more fully stated and set forth.

Your petitioner further shows that thereafter, to wit, upon the fourth day of January, A. D. 1898, the last will and testament of the said Isaac K. Bunn was duly admitted to probate in your honor's said court, and still remains and is in full force and effect; and that on, to wit, the day and year last aforesaid, the said Ruth Ann Bunn was duly appointed by your honor's court the executrix of said last will and testament.

Your petitioner further shows that in and by said last will and testament it was, among other things, provided, that said deeds of conveyance should be delivered to said grantees therein named respectively, after the decease of the said testator; that said life estates to said Ruth Ann Bunn were in payment and in consideration of her release of dower and homestead in the deeds aforesaid other than those in which she is one of the grantees as aforesaid. Your petitioner further shows that in and by said last will and testament, the said Ruth Ann Bunn is given and bequeathed sixty-three shares of the capital stock in the State Bank of Colfax of the par value of $100 each, which said shares of stock were worth their par or face value.

Your petitioner further shows that at the time of his decease, and at the time of the execution of said last will and testament, said testator supposed her personal estate, other than said bank stock, would pay all his indebtedness except the mortgage indebtedness, aforesaid; that at said time and times, some of his children owed him, and to some he was indebted; that as shown by last will and testament, the said testator intended to and did settle all said accounts between himself and each of his said children, and estimated, after and including such settlement, that each of his said children who were devisees, would receive by way of gift and devise the sum of $6,000. Said last will and testament provides the said mortgage indebtedness should be paid by said devisees of real estate *pro rata.*

But your petitioner shows that said testator had heretofore become security on a large amount of indebtedness shown by certain promissory notes, which said indebtedness has been proved up against said estate, and judgments rendered against said estate therefor, as is hereinafter more fully and at large set forth.

Your petitioner further shows that shortly after the

decease of said testator, the said deeds of conveyance were delivered to the respective grantees named therein, and were each duly recorded in the recorder's office of the said county of McLean and still remain and are of record.

Your petitioner further shows that the security debts aforesaid were contracted, all of them, for certain of the children of said testator as hereinafter set forth, and should, each and all of them, be charged against the lands of said children who are principals upon said promissory notes and indebtedness, so far as such lands devised, as aforesaid, are of value sufficient to pay the same.

Your petitioner further shows that each said principal debtors respectively have no property or estate with which to pay said respective indebtedness, except the lands so devised to them respectively as aforesaid.

Your petitioner further shows that said testator was also mistaken as to the amount of indebtedness upon certain of the lands so devised and as to certain back interest remaining unpaid upon certain others of the lands by him devised as aforesaid.

Your petitioner further shows that it is evident said testator believed his estate would not be called upon to pay any of said security debts, but that they and each of them would be paid by the respective principal debtors.

Your petitioner further shows that he is advised by counsel and verily believes and upon such advice and belief states the fact to be that the legal effect of said last will and testament is that all the indebtedness now remaining unpaid should be paid from the proceeds of said real estate devised to the respective legatees, and that the bequest to said Ruth Ann Bunn of personalty, should not be required to contribute thereto, and that each and all of the said devisees, except said Minor K. Bunn and his grantees as hereinafter stated, are desirous that this be done, and that said Ruth Ann Bunn be wholly relieved of contributing at all thereto.

Your petitioner further shows that thereafter, to wit, on the 10th day of September, 1898, the said devisees other than Minor K. Bunn, desirous of paying all the claims against the estate of said Isaac K. Bunn, and of preventing the delay and expense of any proceeding to sell real estate to pay indebtedness of said estate, made an amicable arrangement and agreement in writing to accomplish that result, at a meeting held by them for that purpose. They then estimated the amount sufficient to be raised by them over and above the mortgage indebtedness at $10,000.

Dauel v. Arnold.

Your petitioner shows that, as he is informed and believes and upon such information and belief states the fact to be, that said Minor.K. Bunn was invited to join in said meeting and to partake in said proceeding, but wholly failed and refused so to do; but those who were present agreed among themselves what the just proportionate share of each of said devisees to pay upon said basis of $10,000 was, including said Minor K. Bunn, and they agreed each should pay, respectively, John L. Bunn, $455; Mary A. Paxton, $2,005; Louie Hetland, $55; Abraham Bunn, $2,270; Frank M. Bunn, $1,970; Hugh W. Bunn, $2,589; and said Eva Cline was to receive from the estate the sum of $227.

They also stated the amount to be paid by said Minor K. Bunn upon the above basis to be $1,405.

And your petitioner avers that each and all of said agreeing parties except said Minor K. Bunn, have at all times been and now are ready and willing to pay his or her full proportion of whatever is necessary to be paid to relieve the said estate and their respective lands from all indebtedness, but have been and still are, except as hereinafter stated, unable to raise his and her said proportion,.by reason of the unsettled condition of said estate, and also by reason of the refusal of said Minor K. Bunn as aforesaid.

And your petitioner avers that upon the said basis of $10,000 indebtedness, the just and lawful proportion to be paid by said Minor K. Bunn and to be raised by sale of the lands to him devised as aforesaid, is the said sum of $1,405.

Your petitioner further shows that in and by said agreement, each of the parties thereto agreed to pay upon said respective sums interest from and after said tenth day of September, A. D. 1898, at.the rate of six per cent per annum; and that upon the payment of said respective sums, each of said devisees would be placed upon an exact equality as regards each other, and that any further sum necessary to be raised to clear said estate from all indebtedness, should be paid by said devisees or realized from the sale of their respective lands devised to them as aforesaid *pro rata*.

All of which by said agreement, ready to be produced as your honor shall direct, will more fully and at large appear. Your petitioner files herewith a copy thereof marked ' Exhibit C,' and prays the same may be had and taken as part and parcel of this amended petition.

Your petitioner further shows that, in compliance with their said agreement, the following named of said parties thereto have hitherto and soon after the making of said

agreement, paid to said executrix of the respective amounts. by them agreed to be paid, and that the same are duly credited and sworn to them by report of said executrix heretofore made and have been heretofore devoted toward the payment of the indebtedness of said estate, to wit:

The said Mary A. Paxton has so paid the sum of $1,000; the said Abraham Bunn has so paid the sum in full he so agreed to pay, to wit, $2,270; the said Louie Hetland has so paid the sum in full she so agreed to pay, to wit, the sum of $55; and the said John L. Bunn has so paid the sum in full he so agreed to pay, to wit, the sum of $455; all of which appears more fully by said report and the copy thereof heretofore filed herein, marked 'Exhibit B,' reference whereto is hereby made for greater certainty.

And your petitioner further shows that the said Ruth Ann Bunn duly qualified and entered upon her duties as executrix of the estate of said Isaac K. Bunn, deceased, and continued to act until, to wit, the twentieth day of September, A. D. 1900, when, upon her resignation of her said trust, your petitioner was duly appointed administrator of the said estate with the will annexed, and now is such administrator. Your petitioner shows the final report of said executrix, as modified by this court, which said report shows that she has exhausted the personalty of said estate, and that there is due her as such executrix the sum of $2,574.63.

Your petitioner further shows that over and above all debts that have been paid, there have been reduced to judgment against said estate, certain claims which, together with the said indebtedness to said Ruth Ann Bunn, aggregate the sum of $11,999.70, a schedule whereof showing the names of the respective judgment creditors, the amounts and dates of each judgment respectively, is attached hereto marked 'Exhibit D.' Your petitioner begs leave to refer thereto for greater certainty.* The amount last aforesaid does not include any interest on said judgment or any of them, but said interest up to the day of payment at the legal rate of five per cent must be added thereto, which said interest to May 15, 1901, amounts to about $786.09.

* By leave of court petitioner amends this petition on the face as follows, by inserting at the * on this page the following words: 'Your petitioner shows that the judgment heretofore entered herein in favor of Ruth Ann Bunn is excessive to the extent of $360 and should be reduced to

Dauel v. Arnold.

that extent, which reduction is agreed to by the said Ruth Ann Bunn.'

Your petitioner estimates the amount necessary to be further added for the costs of this proceeding, the costs of administration of said estate and all other expenditures at the sum of $600.

Your petitioner therefore shows to the court that there is no personal estate of said estate remaining to pay the said indebtedness, costs or expenses, or any part thereof; that no personal estate has come into his hands, and that he knows of none; and that your petitioner has no means of paying any of the indebtedness, interests or costs, commissions or any of the other expenses of his said trust, except by the sale of the real estate in this petition specified or so much thereof as shall be necessary therefor.

Your petitioner knows of no other claims against said estate that are now provable as against the same or any part thereof, the limitation of two years for the presentation against said estate having now expired. Your petitioner shows it will be necessary to sell sufficient of said real estate to raise money to pay off all indebtedness, costs and charges as hereinbefore and hereinafter stated and set forth. Your petitioner further shows that there are no further assets within his knowledge that are collectible, and that Jeremiah I. Bunn is wholly insolvent and no more can be collected from him than has been collected by said executrix as shown by her report, and your petitioner verily believes and upon such belief states the fact to be, no further sum is collectible from any of the indebtedness due said estate.

* Your petitioner further shows that of the foregoing unpaid indebtedness as hereinbefore stated, as your petitioner is informed, the entire judgment of date July 17, 1899, for the sum of $1,896.23 in favor of the estate of Thomas Kennedy is for the debt of Hugh W. Bunn as principal debtor and for which said Isaac K. Bunn was surety only, and that in adjusting the equities relative thereto between the parties in interest, the whole amount of said judgment and all interest thereon to time of payment should be charged against the lands devised to said Hugh W. Bunn. Your petitioner, however, states said Hugh W. Bunn claims he is properly chargeable with but $1,070 of interest thereon from the date of rendition of said judgment, and that the residue thereof should be paid out by the said estate. Your petitioner has no personal knowledge relative to said con-

tention, but respectfully submits said contentions to this honorable court for its decision and determination if said Hugh W. Bunn so desires. *

Your petitioner by leave of court amends this petition as follows: By striking out the paragraph between the * * on this page and inserting in lieu thereof the following words: 'Your petitioner shows that said Hugh W. Bunn is primarily liable for that part of the said Thomas Kennedy estate judgment that is represented by the one thousand dollar promissory note to said Thomas Kennedy, together with all interest accrued thereon both prior to and subsequent.'

Your petitioner further shows the said judgment against said estate in favor of the bank of J. W. Arnold & Co., of date April 25, 1900, for the sum of nine hundred and fifteen and fifty-eight hundredths ($915.58) dollars, was rendered upon a certain promissory note given by said Hugh W. Bunn as principal, and said Isaac K. Bunn as security, and that the entire amount thereof with interest from the date of its rendition should be paid by said Hugh W. Bunn. This amount with interest to May 15, 1901, is nine hundred and sixty-three and ninety hundredths ($963.90) dollars.

Your petitioner further shows that a certain mortgage was executed by the said Isaac K. Bunn in his lifetime, and his wife, to said Abraham Brokaw, which said mortgage last aforesaid is a first lien upon the west half of the southwest quarter of said section twenty (20).

Your petitioner further shows that in addition to said mortgage to Abraham Brokaw the said Isaac K. Bunn, in his lifetime, executed his certain other mortgages as follows:

On, to wit, the first day of January, A. D. 1894, the said Isaac K. Bunn, joined by his wife, said Ruth Ann Bunn, executed his certain mortgage to one Henry Capen upon the said west half of the northeast quarter of section twenty, for the principal sum of $2,000, which said mortgage, by extension, falls due on the first day of January, A. D. 1904, and bears interest at the rate of five per cent per annum. Said mortgage is duly recorded in book 125 of the mortgage records of said county at page 69.

On, to wit, the second day of March, A. D. 1896, the said Isaac K. Bunn, joined by his wife, said Ruth Ann Bunn, executed their certain other mortgage to said Henry Capen for the principal sum of $2,500, which mortgage last aforesaid is upon the said east half of the southwest quarter of said section twenty (20) and falls due upon the first day of

March, A. D. 1901. The mortgage last aforesaid is duly recorded in book 125 of the mortgage records of said county at page 102; and

On, to wit, the said second day of March, A. D. 1896, the said Isaac K. Bunn, joined by his wife, Ruth Ann Bunn, executed their certain other mortgage to said Henry Capen, which said mortgage last aforesaid is upon the said northwest quarter of said section twenty, is for the principal sum of $6,000, falls due on the first day of March, A. D. 1901, and bears interest at the rate of six per cent per annum.

Your petitioner last aforesaid shows that the mortgage last aforesaid is duly recorded in book 125 of the mortgage records of said county at page 101.

Your petitioner further shows that the said mortgage to Abraham Brokaw is dated January 6, A. D. 1892, is for the principal sum of $5,728, and is upon the said northeast quarter of said section twenty-one, of which principal amount the sum of $728 has been paid heretofore, and is recorded in the mortgage records of said county of Mc-Lean in book 136 of mortgages at page 125.

Your petitioner further shows that no part of the principal sum of any of the aforesaid mortgages has been paid, as your petitioner is informed and believes; but that all interest that has accrued and become due on each of the said Capen mortgages has been fully paid, as your petitioner is informed and believes, but that there will be due in all on the said Brokaw mortgages on April 3, 1901, the sum of $7,049.43.

Your petitioner further shows he is advised by counsel and believes, and from such belief shows the fact to be, that under the agreement aforesaid, the ones executing it, who have paid money thereunder, and also the said Eva J. Cline, to whom the said estate owed money as aforesaid, should equitably have reasonable interest thereon from the respective times of such payments respectively; which your petitioner avers is approximately ten per cent in all, or an average of five per cent per annum.

Your petitioner therefore avers the respective lands of the said estate, conveyed as aforesaid, should pay the indebtedness aforesaid in the following proportions, and a first or prior lien therefor, as between the paid legatees, their heirs, assigns and grantees, be declared by the court as follows :

1. The said east half of the northwest quarter of said section twenty (20) devised as aforesaid to said John L.

Bunn, for five hundred and fifty-seven and thirty-five hundredths ($557.35) dollars.

2. The said east half of the southwest quarter of said section twenty (20) devised to said Mary Paxton as aforesaid, for one thousand five hundred and seven and eighty-five hundredths ($1,507.85) dollars.

3. The said north half of the west half of the southwest quarter of said section twenty (20) devised as aforesaid to said Eva J. Cline, for three hundred and fifty-three and fifteen hundredths ($353.15) dollars.

4. The said south half of the west half of the southwest quarter of said section twenty (20) devised as aforesaid to the said Minor K. Bunn, for two thousand and seven and eighty-five hundredths ($2,007.85) dollars.

5. The said west half of the northeast quarter of said section twenty (20) devised as aforesaid to said Abraham Bunn, for three hundred and seventy-five and eighty-five hundredths ($375.85) dollars.

6. The said east half of the northeast quarter of said section twenty-one, devised as aforesaid to said Frank M. Bunn, for the sum of two thousand five hundred and twenty-two and eighty-five hundredths ($2,522.85) dollars.

7. The said west half of the northeast quarter of said section twenty-one (21) devised subject to said life estate to said Hugh W. Bunn, for the sum of five thousand four hundred and sixty-three and fifty-nine hundredths ($5,463.59) dollars.

8. The said west half of the northwest quarter of said section twenty (20) devised as aforesaid to said Ruth Ann Bunn for the term of her natural life, with remainder at her death to said Louie Hetland, for the sum of five hundred and ninety-seven and thirty-five hundredths ($597.35) dollars.

Or, in the event your honor should hold that Ruth Ann Bunn's estate, other than the said life estates, should pay a full equal share with each of the other legatees of the said sum to be raised as aforesaid, then the amounts against each of the said devisees to be raised to pay the said sum of thirteen thousand three hundred and eighty-five and eighty hundredths ($13,385.80) dollars as follows:

1. The said Ruth Ann Bunn should pay the sum of sixteen hundred and ninety-nine and forty-two hundredths ($1,699.42) dollars, to be credited to and deducted from the indebtedness owing to her as aforesaid.

2. The said east half of the northwest quarter of section

Dauel v. Arnold.

twenty (20) three hundred and forty-four and ninety-two hundredths ($344.92) dollars.

3. The said east half of the southwest quarter of said section twenty (20) one thousand two hundred and ninety-five and forty-two hundredths ($1,295.42) dollars.

4. The said north half of the west half of the southwest quarter of section twenty (20) one hundred and forty and seventy-two hundredths ($140.72) dollars.

5. The said south half of the west half of the southwest quarter of section twenty (20) one thousand seven hundred and ninety-five and forty-seven hundredths ($1,795.47) dollars.

6. The said west half of the northeast quarter of section twenty (20) one hundred and sixty-three and forty-two hundredths ($163.42) dollars.

7. The said east half of the northeast quarter of section twenty-one (21) two thousand three hundred ten and forty-two hundredths ($2,310.42) dollars.

8. The said west half of the northeast quarter of section twenty-one (21) subject to the life estate of Ruth Ann Bunn aforesaid, five thousand two hundred fifty-one and sixteen hundredths ($5,251.16) dollars.

9. The said west half of the northwest quarter of section twenty (20) subject to the life estate of Ruth Ann Bunn aforesaid, the sum of three hundred eighty-four and ninety-two hundredths ($384.92) dollars.

Your petitioner further shows he is advised by counsel and verily believes, and from such belief avers the fact to be, that the sale or sales hereinafter prayed for should be made strictly subject to all mortgage rights aforesaid, and that each and all of the said mortgages and all rights thereunder, should be protected and remain intact and unaffected by any order of sale or sales under this petition, and that the said life estates, and each of them, of the said Ruth Ann Bunn, be in like manner so protected and remain intact and unaffected.

Your petitioner further shows that besides the persons above named, he is informed August Boeker, Henry Dauel, Joseph Ingram, Frances F. Ingram and Henry W. Langstaff have, or claim to have, some interest or interests in the said real estate or in some part thereof, the exact nature or natures whereof is unknown to your petitioner; but which interest or interests, if any, is and are wholly subject, inferior and junior to the rights of your petitioner in and to said real estate and all of it, as hereinbefore set forth.

Your petitioner, therefore, invokes the aid of this honor-

able court and makes the said Minor K. Bunn, Emma Bunn, John L. Bunn, Ruth Ann Bunn, Docia Bunn, Frank M. Bunn, Louie Hetland, L. S. Hetland, Hugh W. Bunn, Nellie Bunn, Abraham Bunn, Mary Bunn, J. I. Bunn, Matilda Bunn, Mary Paxton, John Paxton, Eva Cline, S. E. Cline, Abraham Brokaw, August Boeker, Henry Dauel, Joseph Ingram, Frances M. Ingram, Henry W. Langstaff, Henry Capen, and H. Ochiltree (each of whom your petitioner shows is now before the court in this proceeding) parties defendant to this amended petition, and that each of said defendants be ruled and required to answer this amended petition (but not under oath, the said oath and oaths being hereby waived), and that upon a final hearing hereof, this honorable court will adjust all the rights and equities of the parties hereto, and determine what of said lands shall first be sold to raise money to pay indebtedness, costs, commissions, attorneys' fees, and all other expenses appertaining to the closing up of said estate and the payment of all claims of every kind against it; that an account be had and taken by the court of the sum of money required to be raised for the payment of all claims against said estate, including all necessary and proper expenses of every kind; that said amount be apportioned between the said tracts of land respectively, upon one or the other of the bases aforesaid, and a decree or judgment be entered herein authorizing and directing your petitioner to sell each of said tracts of land, or so much thereof as shall be necessary to raise the amounts respectively against them as aforesaid, providing, however, that if any interested person or persons shall pay to your petitioner prior to said sale, the amount or amounts so found equitable and just for any of the said tracts of land to pay, such tract or tracts shall not, in the first instance, be offered for sale. And in case such several tracts of land when so offered for sale separately, shall not bring enough to pay the proportion of the indebtedness of said estate so adjudged against it, so that not sufficient in the aggregate be raised by such several sales to pay the entire sum found necessary to be raised under the decree or judgment to be entered herein, then the whole of said lands, or such part thereof as shall be necessary therefor, shall be ordered by the court in and by its decretal order herein, sold by your petitioner to raise the revenue or the entire amount of said sum. And your petitioner prays for all such other and general relief as under the statute, and the circumstances of the case, shall be required.

### Exhibit 'C.'

We, the undersigned, hereby agree upon a settlement of the estate of I. K. Bunn, deceased, as follows :

First.   Mrs. Ruth Ann Bunn, of course, holds absolutely in her own right, and free from any liability for debts of the estate, the property devised to her by the will of her husband, Isaac K. Bunn, in lieu of dower and homestead.

Second.   Each heir, of course, assumes and agrees to pay, each for himself and herself, the incumbrance on each one's land respectively, provided, however, that in the lands devised to Mrs. Louie Hetland and Hugh W. Bunn, respectively, wherein Mrs. Ruth Ann Bunn has a life estate, the said Ruth Ann Bunn assumes and agrees to pay out of the rentals of said lands, interest, taxes and other assessments; and whatever the said Ruth Ann Bunn receives and retains from each of those lands respectively, over and above such interest, taxes, etc., so paid by her, she should, as suggested in the will of I. K. Bunn, make provision out of her effects remaining; such excess so received should be paid to the said Mrs. Louie Hetland and Hugh W. Bunn, and to this an account should be kept each year, showing the rentals upon one hand, and the sum or sums so paid out upon the other, upon each of the lands aforesaid.

Third.   Each of the heirs following is to pay into the estate as follows :

Mrs. Mary Paxton, two thousand and five dollars... $2,005
Mrs. Louie Hetland, fifty-five dollars..............   55
Abe Bunn, two thousand two hundred and seventy
    dollars ...................................... 2,270
John Bunn, four hundred and fifty-five dollars......   455
Frank Bunn, one thousand nine hundred and twenty
    dollars...................................... 1,920
Minor K. Bunn, one thousand four hundred and five
    dollars...................................... 1,405
Hugh W. Bunn, two thousand five hundred and
    eighty-nine.................................. 2,589
Mrs. Eva Cline is to receive from the estate two hun-
    dred and twenty-seven dollars.................   227

Each of the above sums to draw interest from September 10, 1898, at the rate of six per cent per annum.

The foregoing is an exact settlement and division upon the basis that the indebtedness of the estate, exclusive of the mortgage incumbrance, is ten thousand dollars ($10,000). This adjustment upon this basis at this date, September 10, 1898, puts each of the heirs above named upon an equality; and should the above specified sums due the estate from

the heirs prove insufficient to discharge all indebtedness of the estate, then any further sum necessary shall be raised by said assessment of like amount upon each of the 560 acres devised in the will of I. K. Bunn, deceased, or by any other just and equitable method. Any payment or payments of $5,500 and interest due the estate from J. I. Bunn is to be shared equally among the remaining eight heirs; and any payment or payments of $1,405 due the estate from Minor K. Bunn, is to be shared equally among the heirs, exclusive of Minor and J. I. Bunn, provided that such payments shall be first applied upon any indebtedness of the estate existing at the time such payments are made. But the land of any heir paying his or her share of the estate's indebtedness is in no event to be liable further, on account of failure of any other of the heirs to pay their just proportion.

Signed,  MRS. EVA J. CLINE,
MARY A. PAXTON,
JOHN L. BUNN,
HUGH W. BUNN,
MRS. NEVA E. HETLAND,
F. M. BUNN, per Hugh W. Bunn,
ABE M. BUNN.

EXHIBIT 'D.'

| | | |
|---|---|---|
| May 3, 1898, S. H. Arnold | $ 394 | 54 |
| May 3, 1898, Powers Bros | 275 | 46 |
| Mar. 7, 1899, N. J. Parr | 584 | 09 |
| Mar. 7, 1899, Mary E. Powell, conservator | 172 | 89 |
| July 17, 1899, Estate Thomas Kennedy | 1,896 | 33 |
| July 24, 1899, H. W. Langstaff | 172 | 25 |
| Dec. 16, 1899, John L. Bunn | 1,054 | 40 |
| Dec. 12, 1898, E. Rodgers | 107 | 02 |
| Dec. 23, 1899, W. J. Quan & Co | 358 | 11 |
| April 25, 1900, J. P. Arnold, agent | 122 | 48 |
| April 25, 1900, Bank of J. W. Arnold & Co | 915 | 58 |
| April 25, 1900, H. L. Barnes | 647 | 21 |
| April 25, 1900, Corn Belt Bank | 476 | 53 |
| April 25, 1900, Samuel Weeks | 610 | 84 |
| April 25, 1900, Peter Rinehart | 242 | 08 |
| April 25, 1900, W. V. Tue | 832 | 40 |
| Sept. 20, 1900, A. E. Bunn (judg't and costs) | 922 | 87 |
| Sept. 20, 1900, Ruth Ann Bunn | 2,574 | 63 |

Total principal of judgments...... $12,359 71"

August Boeker, Henry Dauel, Joseph Ingram and

Frances Ingram, who were made defendants to the amended petition, made answer thereto as follows :

"These defendants admit that Isaac K. Bunn departed this life testate, leaving heirs and legatees, as set up in said bill. These defendants also admit that the said Isaac K. Bunn died seized of the land mentioned in said bill, and admit that he was the owner of sixty-three shares of the capital stock of the Bank of Colfax, and aver that the said capital stock of the said Bank of Colfax was worth the par value of $6,300 or more. These defendants admit that the said Isaac K. Bunn and Ruth Ann Bunn, his wife, prepared, signed, sealed and acknowledged the deeds mentioned in said bill, and admits that the said deeds were not delivered during the lifetime of the said Bunn. These defendants further admit that the last will and testament of the said Isaac K. Bunn was duly admitted to probate in the County Court of the said County of McLean, and that the same is in full force and effect, and admits that the said Ruth Ann Bunn was appointed by said will as executrix of the same, and avers that the said Ruth Ann Bunn, in conformity with the terms of said will, was allowed to act without giving bond, for the faithful performance of her duties as executrix. These defendants further answering say that a copy of said will and the deeds mentioned therein, is herewith filed, marked Exhibit ' A,' and it is hereby made a part of this answer. These defendants further answering say that the said Ruth Ann Bunn made, executed and delivered in the manner the said deeds were delivered, a release of dower and homestead, a copy of which is herewith filed, marked Exhibit ' B,' and is hereby made a part of this answer. These defendants further answering say that the said Isaac K. Bunn at the time of his decease left sufficient personal estate to pay the indebtedness of the said estate, but that Ruth Ann Bunn, the executrix, has diverted the same and appropriated a large portion, if not all, the personal estate of the. said Isaac K. Bunn, deceased. These defendants further answering say that they are advised and believe that under a proper construction of the said will of the said Isaac K. Bunn, deceased, the personal property of the said decedent should have been appropriated to the payment of the debts of the said estate. These defendants further answering say that they are not advised, and neither admit nor deny the extent of the indebtedness of the said estate, as shown by said bill. That these defendants aver that a large number of the claims, if not all, that were against

said estate that were proven up by the heirs and legatees of the said Isaac K. Bunn, deceased, were obtained by collusion between the said Ruth Ann Bunn, executrix, while acting as such executrix, and the claimants. These defendants admit that the said deeds mentioned in the said bill were duly recorded, as alleged in said bill. These defendants deny that any of the said indebtedness so proved up, should be charged to the lands deeded by one of the said deeds to Minor K. Bunn. These defendants further answering say that Joseph Ingram is the husband of Frances F. Ingram, two of the defendants of said bill; that Minor K. Bunn conveyed lands in the said deeds conveyed by Isaac K. Bunn to him, to August Boeker and Henry Dauel, or to one of them, and that the said August Boeker and Henry Dauel, or one of them, conveyed the same to Frances F. Ingram, one of the defendants, and who is now the owner in fee of the said land. These defendants further answering say that they are not advised as to the agreement made between the various legatees in said will in said bill set forth, except Minor K. Bunn, and aver that said agreement could be of no binding force and effect without being concurred in by all of the legatees in said will mentioned, and one of these defendants, Frances F. Ingram, who obtained title by mesne conveyance to the land deeded by the said Isaac K. Bunn to the said Minor K. Bunn. And these defendants further answering say that Hugh W. Bunn and others of the said defendants' legatees of the said Isaac K. Bunn, deceased, are indebted to the said estate, and that it is necessary for the administrator aforesaid, to collect such indebtedness and appropriate the same to the payment of the debts of the said estate, before proceeding to sell real estate. These defendants specifically deny that said estate owes Ruth Ann Bunn anything. These defendants further answering say they are not advised as to the mortgages given by Isaac K. Bunn to Henry Capen and Abraham Brokaw, as alleged in said petition, and neither admit nor deny the same. These defendants further answering say that they deny that the various legatees paid any money in pursuance of the agreement mentioned in said bill to the executrix, but aver that if they did so, the said executrix did not appropriate same for the purpose of paying the debts of the said estate. And these defendants deny all the allegations of said bill, not herein specifically admitted or denied.

And these defendants deny all and all manner of unlawful combination and confederacy, wherewith they are by the said petition charged; without this, that if there is any

Dauel v. Arnold.

other matter, cause or thing in the complainant's said peti-
tion contained, material or necessary for these defendants
to make answer unto and not herein and hereby well and
sufficiently answered, confessed, traversed and avoided or
denied, it is true to the knowledge or belief of these defend-
ants; all which matters and things these defendants are
hereby willing to aver, maintain and prove, as this honor-
able court shall direct; and pray to be hence dismissed
with their reasonable costs and charges, in this behalf
most wrongfully sustained.

### Exhibit 'A.'

I, Isaac K. Bunn, McLean county, Ill., being of sound
memory and understanding, do ordain this to be my last
will and testament, or in other words, a statement of my
business affairs, and directions intended for those designated
herein, as to the disposition of my property.

I desire my real estate to be disposed of as follows : The
east half of the northwest quarter of section 20, township
24 north, range 5, east of the third P. M., to my son, John
L. Bunn; the east half of the southwest quarter of same
section 20 to my daughter, Mrs. Mary Paxton; and north
half of the west half of same section to my daughter, Eva
Jane Bunn; the south half of the west half of the south-
west quarter of same section 20 to my son, M. K. Bunn;
the west half of the northeast quarter of same section 20 to
my son, Abe Bunn; the east half of the northeast quarter
of section 21, same town and range, to my son, Frank M.
Bunn; the west half of the northeast quarter of same sec-
tion 21 to my wife, Mrs. Ruth Ann Bunn, for and during
the term of her natural life, with remainder upon her decease
to my son, Hugh W. Bunn, in fee simple; the west half of
the northwest quarter of section 20, same town and range,
to my wife, Mrs. Ruth Ann Bunn, for and during the term
of her natural life, with remainder upon her decease to my
daughter, Mrs. Louie Hetland, in fee simple; each of my
sons and daughters above named to accept such lands upon
condition that they assume and agree to pay, each one for
himself and herself respectively, whatever mortgage, or
proportionate part of mortgage may be upon his or her
share.

I have executed deeds for each of the above described
tracts of land as specified above, and have placed the same
among my papers in my private drawer in the State Bank
of Colfax; and desire and request that upon my decease, or
sooner, should I so desire, said deeds be at once delivered

to the grantees therein named; said deeds to take effect upon delivery, either to the grantees or to the recorder's office for recording; and I desire and authorize my wife, Ruth Ann Bunn, upon my decease, or sooner, if requested by me, to at once procure my private papers, and the above described deeds, for the purposes above specified; retaining, of course, the three made to herself; and these presents shall be her sufficient authority to request, and for the cashier of the said State Bank of Colfax to deliver the same to her, for which delivery so made, I hereby indemnify said cashier and pledge my entire estate to insure and make good such indemnity.

Said deeds also contain certain conditions and limitations and a separate paper attached to each one showing the basis of adjustment; and whether such grantee therein named is to receive further payment from, or is indebted to my said estate, as upon reference thereto, will more fully appear.

Upon the basis of six thousand ($6,000) dollars to each 'of my children, and upon full and complete settlement at this date, charging to each child for the number of, and at the price per acre, less any incumbrance thereon, in his or her deed above described, and also crediting each child not receiving land with six thousand ($6,000) dollars in lieu thereof, there is due from me or my estate to

| | |
|---|---|
| Frank M. Bunn | $   735 00 |
| John L. Bunn | 1,700 00 |
| Mrs. Louie Hetland | 2,100 00 |
| Mrs. Mary Paxton | 400 00 |
| Eva Jane Bunn | 2,650 00 |
| Minor K. Bunn | 1,250 00 |

There is due to me for my estate, after allowing a credit of the $6,000 as provided, as follows:

From Jerry Bunn, $7,000; Hugh Bunn, $100; Abe Bunn, even; no indebtedness either way.

Full and adequate provision is also made for my wife, Mrs. Ruth Ann Bunn, in lieu of dower and homestead, by conveyances duly executed to her upon the west half of the northwest quarter of section 20, and the west half of the northeast quarter of section 21, all in township 24 north, range five, east of the third P. M., and also for lots seven and eight in block seventeen, in W. G. Anderson's first addition to the village of Colfax, the same to be delivered and take effect upon my decease unless delivered or recorded by me sooner, and for and during the term of her natural life; and my wife has also concurrently with

Dauel v. Arnold.

the execution of the above conveyance duly made and executed her relinquishment to any and all rights of dower and homestead in and to my estate, legal or equitable, present and future, except in the lands otherwise excepted as above provided; as upon reference to the said conveyances and relinquishment will more fully appear; said relinquishment to be delivered and take effect upon my decease, or concurrently with the delivery of the deeds to her above specified.

The remainder of my estate, consisting of an equitable interest in and to, commencing at the southeast corner of lot sixteen (16) in block two (2), in J. E. Wood's first addition to Woodlawn, running thence east sixteen (16) feet; thence south thirty (30) feet and nine (9) inches; thence east thirteen hundred and fifty-six (1356) feet; thence north three hundred and sixty feet and nine inches; thence west thirteen hundred and fifty-six; thence south three hundred and thirty feet. The coal underlying the above described premises is reserved by the Wood estate, and does not pass to the grantee herein named by virtue of this conveyance.

Also all my bank stock and effects in the State Bank of Colfax, valued at $6,300, and also including the several sums due me, or which may be due from my children as heretofore specified, or which may be due me from any sources whatever, and any other property or effects, real or personal, of whatsoever kind, which I now have or may have, I devise and bequeath to my wife, Ruth Ann Bunn, to be used and enjoyed by her freely, fully, and in manner as she may desire, for and during the term of her natural life. I then direct that upon her decease there shall first be paid, of course, any just bills or indebtedness due from her estate not otherwise provided for, and that then out of whatever is remaining there shall be paid to each of my children whatever sum or sums may appear to be due each one respectively, to the end that all may be upon an equality; and that then the remainder shall be divided among all my children in equal parts, and in this, as well as in all other of my dispositions herein, should any of my children be deceased, then such part is to go to his or her heirs; and in this settlement just recompense should be made with my son Hugh W. Bunn and my daughter Mrs. Louie Hetland, for whatever years or more especially for whatever rentals from the lands deeded them, which they may fail to receive during the lifetime or occupancy of the same, by my wife, Mrs. Ruth Ann Bunn.

I desire to avoid the delay, inconvenience and expense of

administration upon my estate, and to this end I request each of my children to abide my disposition and adjustment of my estate, and to aid in the furtherance of my will and directions herein expressed without the intervention of administration. And to this further end I shall prepare and have ready not only the deeds and conveyances already referred to, but a deed for the said J. E. Wood property and a written transfer of my said bank stock, moneys and effects, and aim to deliver the same to my wife, Mrs. Ruth Ann Bunn, during my own lifetime; transferring and vesting in her absolutely the above property and effects, and authorizing and empowering her at once to accept and take possession, and use and enjoy the same forever.

All the above specified sums due from my children to me or my estate are to draw interest from date at the rate of seven per cent per annum.

Should it for any purpose become necessary to administer upon all or any part of my estate, I nominate and appoint as my executrix, and without bond, my beloved wife, Mrs. Ruth Ann Bunn.

It witness whereof, I hereunto affix my hand and seal this 30th day of January, A. D. 1897.

Isaac K. Bunn.    (Seal.)"

Exhibits to answer. Deed of Isaac K. Bunn and wife, to Minor K. Bunn, conveys the south $\frac{1}{2}$ of the west $\frac{1}{2}$ of the southwest $\frac{1}{4}$ of section 20, town 24 north, range 5 east, containing forty acres. The grantee assumes and agrees to pay an incumbrance of $1,250.

Deed of Isaac K. Bunn and wife to Eva Jane Bunn, conveys the north $\frac{1}{2}$ of the west $\frac{1}{2}$ of the southwest $\frac{1}{4}$ of section 20. Grantee assumes $1,250 incumbrance.

Deed of Isaac K. Bunn to Ruth Ann Bunn, certain lots near Chicago.

Deed of Isaac K. Bunn to Ruth Ann Bunn, consideration of dower and homestead, love and affection, and $1, the west $\frac{1}{2}$ of the northeast $\frac{1}{4}$ of section 21, town 24 north, range 5 east, containing eighty acres, for and during her natural life, and remainder in Hugh Bunn. Hugh Bunn assumes and agrees to pay $2,500.

Deed of Isaac K. Bunn and wife to Ruth Ann Bunn and Mrs. Louie Hetland. The west $\frac{1}{2}$ of the northwest $\frac{1}{4}$ of section 20, in township 24 north, range 5 east, for and dur-

ing the term of her natural life. Upon her decease, remainder to Mrs. Louie Hetland. Grantee Mrs. Louis Hetland, assumes and agrees to pay $2,500 mortgage.

Deed of Isaac K. Bunn and wife to Mary Paxton, the east ½ of the southwest ¼ of section 20, subject to a mortgage of $2,500.

Deed of Isaac K. Bunn and wife to John L. Bunn, the east ½ of the northwest ¼ of section 20, subject to a mortgage of $2,500.

Deed of Isaac K. Bunn and wife to Frank M. Bunn, the east ½ of the northeast ¼ of section 21, subject to a mortgage of $2,500.

Deed of Isaac K. Bunn, to Ruth Ann Bunn, lots 7 and 8 in block 17 in W. G. Anderson's first addition to the village of Colfax for and during the term of her natural life.

Deed of Isaac K. Bunn and wife, to Abraham Bunn, the west ½ of the northeast ¼ of section 20, subject to a mortgage of $2,000.

Relinquishment of dower and homestead by Ruth Ann Bunn, in consideration of 160 acres of land conveyed to her by Isaac K. Bunn, her husband.

To which answer the petitioner filed, among others, the following exceptions: (2) He excepts to the averment "that the personal property of said decedent should have been appropriated to the payment of the debts of said estate in so far as the said averment refers to the bank stock specifically devised to Ruth Ann Bunn." (4) To the averment "as to the binding force of the agreement in said petition specified as to the parties thereto or that said defendant Frances F. Ingram is a necessary or proper party thereto." (5) To the averment "that Hugh W. Bunn and the other legatees to said estate, must pay their respective indebtedness to said estate, before any order can be entered herein."

And the court sustained those exceptions.

The defendant Henry Capen answered the amended petition, setting up his rights as mortgagee more specifically than they were stated therein.

The other defendants to the amended petition made

default, and upon a hearing on the pleadings and oral evidence, the court entered a decree as follows:

" And now this cause coming on for hearing upon the said amended petition hereon so taken as confessed as aforesaid, the answer of the defendants August Boeker, Henry Dauel, Joseph Ingram and Frances F. Ingram thereto, the exceptions and replications of said petitioner to the said answer, the said answer of said defendant Henry Capen, oral evidence heard in open court, the papers and exhibits on file in this court pertaining to said estate and the arguments of counsel, and the court being fully advised in the premises, does find that all the material allegations in said amended petition are true as therein stated and set forth, and hereby orders and adjudges that all the costs pertaining to or arising under the said answer, including the fees of all witnesses attending the court in this cause, April 3, 1901, be, and the same are hereby taxed against said defendants August Boeker, Henry Dauel, Joseph Ingram and Frances F. Ingram, and that execution issue against the defendants last aforesaid thereof.

And, more particularly, the court finds under the said amended petition, besides the above general finding, as follows:

The said Isaac K. Bunn, then a resident of the said county of McLean and State of Illinois, departed this life testate on or about the twenty-first day of November, 1897, leaving him surviving his widow, and sole children and heirs at law as set forth in said amended petition; that he died seized of the real estate specified in said amended petition; that his last will and testament has been duly probated and admitted to probate as set forth in said amended petition; and that said testate was also possessed at the time of his decease of the shares of the capital stock of the Bank of Colfax as set forth in the said amended petition, which the court finds was worth the par value thereof. The court further finds that the averments in said amended petition relative to the respective deeds of conveyance, to the several children of him, said Isaac K. Bunn, are true as stated and set forth in said amended petition, and that said deeds of conveyance respectively were executed and delivered to the said grantees therein named respectively after the death of said Isaac K. Bunn, as set forth in the said amended petition. The court further finds that the agreement made and entered into between the following ones of the children of said Isaac K. Bunn, to wit, John L. Bunn, Mary A. Paxton,

Dauel v. Arnold.

Louie Hetland, Abraham Bunn, Frank M. Bunn, Hugh W. Bunn and Eva Cline, upon the basis therein stated is binding upon each of said parties thereto, and that under said basis, the just amount to be paid by said Minor K. Bunn is $1,405, and that upon said basis the lands respectively devised and given to each of the said children, including said Minor K. Bunn, should primarily pay said respective amounts, together with the amounts respectively additional thereto as hereinafter set forth. The court further finds that the adjustment of accounts, as between said children, should be upon the basis aforesaid, and that the lands so devised and given as aforesaid, should be chargeable therewith.

The court further finds that, as averred in said amended petition, the following sums have been paid under and reliance upon said agreement, to wit: The said Mary Paxton has paid $1,000; the said Abraham Bunn has paid $2,270; the said Louie Hetland has paid the sum of $55, and the said John L. Bunn has paid the sum of $455. The court further finds that each and all of said payments were paid to Ruth Ann Bunn, executrix of said Isaac K. Bunn, and were by her expended in payment of certain indebtedness of said estate, other than those hereinafter specified, and that interest of, in all, ten per cent, should be allowed upon said payments respectively, in adjusting the accounts between the heirs, as hereinafter set forth. The court further finds, as shown by the reports of said executrix, said payments have all been applied upon indebtedness of said estate, as aforesaid. The court further finds said Eva Cline is entitled to an allowance of $22.70 for interest on the amount due her under said agreement.

The court further finds that all the personal estate of the said Isaac K. Bunn, deceased, has been faithfully devoted by the said executrix to the payment of indebtedness against said estate, and other proper costs, outlays and charges, as shown by the reports of said executrix, heretofore approved by this court, and that the personal estate of the said Isaac K. Bunn, deceased, is wholly exhausted, and that no personal estate of Isaac K. Bunn, deceased, has, at any time, come into the possession of said petitioner, and that it is necessary to sell the real estate of which said Isaac K. Bunn died seized, or such part thereof as shall be necessary, to raise money to pay the indebtedness hereinafter specified, and the costs and charges still remaining unpaid. The court finds that the judgment or allowance hereinbefore

entered by this court in favor of said Ruth Ann Bunn is excessive to the extent of $360, and should be reduced to that extent and credited therewith.

The court further finds that the following judgments against said estate are wholly unpaid. The court adds interest on said judgments respectively, from their respective dates of rendition to May 15, 1901, as follows:

1. Judgment in favor of S. H. Arnold
(principal)........................$  394 54
Interest on same to May 15, 1901....    59 84
                                    ————    $  454 38
2.  Do. Powers Bros. (principal).....$  275 46
Interest on same to  May 15, 1901....    41 78
                                    ————    $  317 24
3.  Do. N. J. Parr (principal)........$  584 09
Interest on same to May 15, 1901.....    63 92
                                    ————    $  648 01
4.  Do. Mary E. Powell,  conservator
(principal) ........................$  172 89
Interest on same to May 15, 1901.....    18 91
                                    ————    $  191 80
5.  Do. Estate Thomas Kennedy (prin-
cipal)............................$1,897 33
Interest on same to May 15, 1901.....   173 30
                                    ————    $2,069 63
6.  Do. H. W. Langstaff (principal)..$  172 25
Interest on same to May 15, 1901.....    15 55
                                    ————    $  187 80
7.  Do. John  L. Bunn (principal)....$1,054 40
Interest on same to May 15, 1901.....    74 54
                                    ————    $1,228 94
8.  Do. E. Rogers (principal)........$  107 02
Interest on same to May 15, 1901.....     7 64
                                    ————    $  114 66
9.  Do. W. J. Quan & Co. (principal).$  358 11
Interest to May 15, 1901.............    24 95
                                    ————    $  383 06
10.   Judgment, J. P. Arnold, agent...$  122 48
Bank, J. W. Arnold & Co.............   915 58
H. L. Barnes.......................   647 21
Corn Belt  Bank....................   476 53
Samuel Weeks.......................   610 84
Peter Rinehart.....................   242 08
W. V. True.........................   832 40
                                    ————
                                    $3,847 12

Dauel v. Arnold.

| | | | |
|---|---|---:|---:|
| Interest on same to May 15, 1901..... | $ | 203 | 05 |
| | | $4,050 | 17 |
| 11.  Judgment, A. E. Dunn (principal). | $ | 922 | 87 |
| Interest to May 15, 1901............. | | 30 | 12 |
| | | $ 952 | 99 |
| 12.  Judgment, Ruth Ann Bunn..... | $2,574 | 63 | |
| Less as above stated................ | | 360 | 00 |
| | | $2,214 | 63 |
| Interest on same to May 15, 1901.... | | 72 | 29 |
| | | $2,286 | 92 |

The court therefore finds the total indebtedness remaining unpaid, together with interest reckoned thereon as aforesaid, to May 15, 1901, is $12,785.08.

The court further finds that of the said judgment in favor of the Thomas Kennedy estate, the sum of $1,198.33 is upon a certain promissory note on file in this cause, for the principal sum of $1,000, upon which said Isaac K. Bunn was surety only, and said Hugh W. Bunn the principal debtor, and that the said sum of $1,198.33 of said judgment, together with interest thereon from the date of the rendition of the said judgment, to said 15th day of May, 1901, which said interest amounts to $109.51, as between the petitioner and the said Hugh W. Bunn, the said Hugh W. Bunn should pay, and the land devised to him by his said father be primarily liable therefor.

The court further finds that the judgment aforesaid against said estate in favor of the bank of J. W. Arnold & Co. for nine hundred and fifteen and fifty-eight hundredths dollars ($915.58), together with interest thereon from the date of said judgment to May 15, 1901, which said interest amounts to forty-eight and thirty-two hundredths dollars, is upon an indebtedness for which said Isaac K. Bunn was surety only, and as to which said Hugh W. Bunn was the principal debtor, and that as to the judgment and interest last aforesaid the land devised to said Hugh W. Bunn should be primarily liable.

The court further finds that no one or ones of the mortgages upon any of the tracts of land of which said Isaac K. Bunn died seized, and which were or was executed by said Isaac K. Bunn in his lifetime, should be in any way affected by this proceeding, and that no right or rights of said defendant Abraham Brokaw, or of his assignee, or of said defendant Henry Capen, should be in any manner affected, impaired or lessened by anything in this decree contained. The court further finds that the said Isaac K. Bunn intended by his last will and testament aforesaid that each of the

tracts of land respectively devised as aforesaid should bear an equal proportion of the amount necessary to be raised to pay the indebtedness of the said estate, over and above the general personal estate of which he died seized, together with the costs, outlays and charges necessary to be paid over and above the said general personal estate. The court further finds that said Ruth Ann Bunn should pay an equal proportion of the amount still remaining unpaid of the indebtedness aforesaid, the interest thereon, and of all the costs, outlays and charges yet unpaid and proper to be made. .

The court estimates the amount necessary to be added to the indebtedness and interest unpaid as aforesaid for the costs of administration of said estate and all other outlays and expenditures both already incurred and hereafter to be incurred, not yet paid, to be $600, provided the sale hereinafter ordered, be made about May 15, 1901. The court further finds that the late executrix has made just and true reports to the court of all her receipts and expenditures as such executrix, and that the petitioner has not received or paid out anything, and that the averments of the petition herein as to the mortgage liens upon the different tracts of land hereinafter specified, made by the said Isaac K. Bunn in his lifetime, are truly set forth in said petition.

The court therefore finds it is necessary for the reasons aforesaid, that the real estate of which the said Isaac K. Bunn died seized, which said real estate is described and known as follows, to wit—the east half of the northwest quarter of section twenty; the south half of the west half of the southwest quarter of section twenty; the west half of the northwest quarter of section twenty; the east half of the northeast quarter of section twenty-one (21); the west half of the northeast quarter of section twenty-one (21); the northwest quarter of the southwest quarter of section twenty (20); the west half of the northwest quarter of section twenty (20), and the east half of the southwest quarter of said section twenty (20)—all of which lands are in township twenty-four (24) north, range five (5), east of the third principal meridian, and are situated in the county of McLean and State of Illinois, or so much thereof as shall be necessary, are necessary to be sold to raise the said sum of $13,385.80; which said sale or sales shall be made as hereinafter provided.

The court further finds that of said indebtedness the said Ruth Ann Bunn should pay the sum of $1,699.42, which said sum should be credited upon the judgment in

Dauel v. Arnold.

her favor aforesaid, leaving the total amount to be raised by sale of real estate, eleven thousand six hundred and eighty-six and thirty-eight hundredths ($11,686.38) dollars; that the lands devised to said Mary Paxton, or so much thereof as shall be necessary therefor, should first be offered for sale to raise the sum of $1,295.42; that the lands devised to said Louie (or Neva) Hetland, or so much thereof as shall be necessary therefor, shall first be offered for sale to raise the sum of $384.92; that the lands devised to said Abraham Bunn, or so much thereof as shall be necessary therefor, shall first be offered for sale to raise the sum of $163.42; that the lands devised to said John L. Bunn, or so much thereof as shall be necessary therefor, be first offered for sale to raise the sum of $344.92; that the lands devised to said Frank M. Bunn, or so much thereof as shall be necessary therefor, be first offered for sale to raise the sum of $2,310.42; that the lands devised to said Minor K. Bunn, or so much thereof as shall be necessary therefor, be first sold to raise the sum of $1,795.42; that the lands devised to said Hugh W. Bunn, or so much thereof as shall be necessary therefor, be first sold to raise the sum of $5,251.16; and that the lands devised to said Eva J. Cline, or so much as shall be necessary therefor, be first sold to raise the sum of $140.72.

The court, therefore, being fully advised in the premises in accordance with the above findings, does hereby order, adjudge and decree that the said premises hereinbefore specified, or so much thereof as shall be necessary therefor, be sold by the said petitioner to raise the said sum of $11,686.38; that of said lands, or so much thereof as shall be necessary therefor, there be first offered for sale to raise the respective amounts following, to wit:

1. The said east half of the southwest quarter of said section twenty (20), devised to said Mary Paxton, or so much thereof as shall be necessary therefor, to raise the said sum of $1,295.42.

2. The said west half of the northwest quarter of said section twenty, or so much thereof as shall be necessary therefor, devised to said Ruth Ann Bunn for the term of her natural life, in lieu of dower and homestead rights, with remainder at her death to said Louie Hetland, to raise the sum of $384.92.

3. The said west half of the northeast quarter of said section twenty (20), devised as aforesaid to said Abraham Bunn or as much thereof as shall be necessary therefor, to raise the sum of $163.92.

4. The said east half of the northwest quarter of said section twenty (20), devised to said John L. Bunn, or so much thereof, as shall be necessary therefor to raise the sum of $344.92.

5. The said east half of the northeast quarter of said section twenty-one (21), devised to said Frank M. Bunn, or so much thereof as shall be necessary therefor, to raise the sum of $2,310.42.

6. The said south half of the west half of the southwest quarter of said section twenty (20), devised to said Minor K. Bunn, or so much thereof as shall be sufficient therefor, to raise the sum of $1,795.42.

7. The said west half of the northeast quarter of said section twenty-one (21) devised subject to the life estate of said Ruth Ann Bunn, in lieu of her dower and homestead rights to said Hugh W. Bunn, or so much thereof as shall be necessary therefor, to raise the sum of $5,251.16.

8. The said north half of the west half of the southwest quarter of said section twenty (20), devised as aforesaid to said Eva J. Cline, or so much thereof as shall be necessary therefor, to raise the sum $140.72.

The court further orders, adjudges and decrees that if any one, prior to said sale, shall pay to the said petitioner, any one or ones of the sums aforesaid, above provided to be raised from any one or ones of said tracts of land, then, and in that event, the tract or tracts last aforesaid to relieve from the sale thereof such money or moneys shall be so paid, shall not be offered, in the first instance, for sale by said petitioner.

The court further orders, adjudges and decrees that in the event any one or ones of said tracts of land shall not be sold for the said sum or sums above specified as the amount for which it or they shall be, in the first instance, sold, then all of the lands of which said Isaac K. Bunn died seized, or so much thereof as shall be necessary to pay the entire indebtedness remaining unpaid of said estate, and also the estimated costs as aforesaid, to wit, the said sum of $11,686.38 over and above the credit ordered made on the judgment in favor of said Ruth Ann Bunn as aforesaid; but in such event, the court orders and decrees that any of said tracts of land aforesaid, for which the full sum specified as aforesaid as the amount for which in the first instance it shall be sold, is offered at said sale, and purchased by a responsible bidder or bidders, shall not be again offered for sale until all the lands for which the bids equaling in amount the sum specifically charged against it or them,

which shall not be purchased for the said sum or sums against it or them specifically devised as aforesaid shall be offered for sale.

The court further orders and decrees that the lien and rights of the holders and owners of the mortgages in the petition herein specified shall be in no manner affected by this decree, or by any sale or sales made by virtue of or by authority of this decree. The court finds that the amount due said Abraham Brokaw or his assigns under his mortgages specified in said petition, principal and interest, on the third day of April, A. D. 1901, is $7,049.43, and that the entire principal of the notes and mortgages to Henry Capen specified in said petition and all interest accrued since the maturity of the last coupons or extension coupons heretofore due by the terms thereof, thereon remain and are wholly unpaid. The court finds all coupons or interest coupons upon said Capen notes and mortgages that are now past due, have been paid.

The court further orders and decrees, that in case, for any valid and sufficient reason, said sale can not properly be made on or before May 15, 1901, or that additional costs to the amount hereinbefore specified or now contemplated by the court shall accrue, or both, so that a greater sum shall be thus required than that in this decree provided, the sale herein decreed shall be for enough to cover all such additional sum, and in the first instance shall be added, one-ninth to each of the said several sums above specifically stated.

The court further orders and empowers said petitioner to make the sale of said lands at public sale, as, and in accordance with the terms of this decree; that in making said sale and in all his acts and doings connected therewith, he comply with all the requirements and provisions of the statute in such case made and provided; that the said sale or sales be made for cash in hand or on a credit of not less than six or more than twelve months, by taking notes, with good personal security, and a mortgage or mortgages on the premises sold, to secure the payment of the purchase money, and that on or before the first day of the term of this court next after the making by him of said sale or sales, he shall file in the office of this court a complete report of said sale or sales, as, and in accordance with the requirements and provisions of the statute in that behalf, and make full report to this court."

The defendants Boeker, Dauel, and the two Ingrams,

excepted to the entry of the decree; and they prosecute this writ of error to reverse same, and have assigned and urge the following alleged errors:

"First.   The court erred in giving an improper construction to the will.

Second.   The court erred in rendering the decree.

Third.   The court erred in sustaining exceptions 2, 4 and 5 to the answer of the defendants.

Fourth.   The court erred in proceeding as in cases of special assessment.

Fifth.   The court erred in providing in the decree for successive sales.

Sixth.   The court erred in rendering any decree upon the petition filed in said cause, the same being wholly insufficient upon which to base the decree.

Seventh.   The court erred in computation as to the amount coming from Minor K. Bunn."

The defendants in error, as administrator *de bonis non*, with the will annexed of the estate of Isaac K. Bunn, deceased, petitioned the County Court for an order authorizing him to sell enough of the real estate of the deceased to pay his debts remaining unpaid after applying all of the personal property belonging to the estate which, by the will of the deceased, had not been specifically bequeathed to his widow.

The petition also set up that by his will, the deceased had devised specific portions of his real estate to his widow and nine children respectively, and charged each portion with the debts owing by the testator according to the value of the portion devised as compared with the value of all the real estate; and the prayer thereof, in addition to asking for an order to sell the real estate to pay the debts, was that the court apportion the amount of said indebtedness to the respective portions of the real estate devised to said widow and children respectively, so that each of said portions should be sold, to raise therefrom the part of said indebtedness which the value of such portion bears to the total value of all the real estate owned by the deceased at the time of his death, so that each of said portions will be called upon to raise its equitable portion of said debts.

Dauel v. Arnold.

The petition charges that all the personal property which the deceased left when he died has been applied on the indebtedness owing by the deceased, except that the widow has taken such as was given her by the terms of the will in lieu of her homestead estate and dower rights in all of said real estate.

The plaintiffs in error were made parties defendants to the petition, as was also the widow and heirs at law of the deceased.

From the answer of the plaintiffs in error to the petition it appears that the only interest they have in any matters covered by the petition is as purchasers from Minor K. Bunn, one of the devisees in the will, of the portion of said real estate which was devised to him by his father; and that such interest had been acquired after the death of the father and after his will had been admitted to probate in the County Court of McLean County.

On the hearing of the petition there was oral evidence introduced and the court found the facts stated in the petition were true, and made the special findings as stated in the decree set out in the statement preceding this opinion, and in the decree, among other things, apportioned the amount of indebtedness which that part of the real estate which plaintiffs in error purchased from Minor K. Bunn should bear at $1,795.42.

The plaintiffs in error insist that the portion of the indebtedness allotted by the court to their land, is too much, but the oral evidence which the court heard has not been preserved and is not in the record, so that we can not see what was before the trial court, and therefore we must presume that there was sufficient evidence to warrant the court in making the decree in the way it did.

Under the pleadings in the case and the findings of the decree, we find nothing that indicates that plaintiffs in error are prejudiced in any manner by the portion of the debts which the decree apportions to the land purchased by them. They purchased the land from Minor K. Bunn, who obtained title thereto under the will and deed of his deceased father,

and at the time they so purchased, the land was, under the terms of the will and deed, burdened with the payment of its equitable portion of the debts owing by him, and the trial court, by its decree, as far as we can see from the record, has charged it accordingly, and therefore we must affirm it.